<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4428**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JIMMY JAY STRAYHORN, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:11-cr-00368-CCE-1)

Submitted: January 29, 2015          Decided: February 4, 2015

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant. Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Jay Strayhorn, Jr., appeals the seventy-two month sentence imposed by the district court after he was convicted of knowingly carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) (2012). Strayhorn was originally convicted of two counts of obstructing commerce by robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2012) (Counts One and Three), one count of knowingly carrying and using, by brandishing, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012) (Count Two), and one count of carrying and using firearms during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) (2012) (Count Four). We previously vacated the sentence for Count Two because the question of whether Strayhorn brandished the firearm had not been submitted to the jury as required by Alleyne v. United States, 133 S. Ct. 2151 (2013), decided subsequent to Strayhorn's initial sentence. We affirmed Strayhorn's other convictions and sentences, and remanded for resentencing. United States v. Strayhorn, 743 F.3d 917 (4th Cir. 2014).

On appeal, Strayhorn's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but

2

questioning whether Strayhorn's sentence is substantively reasonable. Strayhorn has filed a pro se supplemental brief challenging the calculation of his criminal history. We affirm the judgment of the district court.

Initially, we note that Strayhorn's pro se claim, a challenge to his criminal history category, was not raised in the prior appeal and was not within the scope of our remand. It is therefore foreclosed by the mandate rule. See United States v. Pileggi, 703 F.3d 675, 679-80 (4th Cir. 2013) ("[T]he mandate rule forecloses litigation of issues forgone on appeal or otherwise waived . . . ." (internal quotation marks, emphasis and ellipsis omitted)).

As to counsel's claim, we review a district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we give due deference to the sentencing court's

3

decision because it has "flexibility in fashioning a sentence outside of the Guidelines range." United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011). Having reviewed the record, we find that the seventy-two month sentence on Count Two, including the twelve-month upward variance, is substantively reasonable for the reasons stated on the record by the district court.

In accordance with Anders, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Strayhorn, in writing, of his right to petition the Supreme Court of the United States for further review. If Strayhorn requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Strayhorn. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED